[NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 96-1257

 UNITED STATES,

 Appellee,

 v.

 DENNIS L. DUSSAULT,

 Defendant, Appellant.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF RHODE ISLAND

 [Hon. Francis J. Boyle, Senior U.S. District Judge] 

 

 Before

 Torruella, Chief Judge, 
 Selya and Stahl, Circuit Judges. 

 

Edward F. St.Onge on brief for appellant. 
Sheldon Whitehouse, United States Attorney, and Andrew J. Reich, 
Assistant United States Attorney, on brief for appellee.

 

 December 30, 1997
 

 Per Curiam. We have reviewed the submissions by the 

parties and the record in this case, and we affirm the

judgment of conviction. Appellant Dennis Dussault

("Dussault") contends statements he made to an ATF agent

should not have been admitted into evidence, because 1) he

was never warned of his constitutional rights pursuant to

Miranda v. Arizona, 384 U.S. 436 (1966), and 2) his counsel 

was not present while he made the statements in question.

Neither argument has merit. Miranda applies only when a 

suspect is subjected to a "custodial interrogation." United 

States v. Ventura, 85 F.3d 708, 710 (1st Cir. 1996) (citing 

Illinois v. Perkins, 496 U.S. 292, 297 (1990)). Under no 

version of the facts could the exchange between Dussault and

the ATF agent be characterized as an "interrogation." For

the same reason, counsel's absence during the initial

exchange between Dussault and the agent did not violate

Dussault's constitutional rights. Oregon v. Bradshaw, 462 

U.S. 1039, 1044-45 (1983) (counsel's absence during

interrogation violates suspect's constitutional rights if 

suspect has not knowingly and intelligently waived right to

counsel); see also Arizona v. Fulminante, 499 U.S. 279, 286 

(1991); 18 U.S.C. 3501(d).

 Dussault's remaining points on appeal are waived due to

the failure to fully brief those issues. United States v. 

Pierro, 32 F.3d 611, 621 (1st Cir. 1994). 

 -2-

 Affirmed. Loc. R. 27.1. 

 -3-